UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00123-GNS-LLK

JAMES F.                                                                                                  PLAINTIFF

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment (DN 15) on Plaintiff's Complaint (DN 1) seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  The motion is ripe for adjudication.

###    I.   STATEMENT OF FACTS AND CLAIMS

On November 24, 2020, Plaintiff James F.[1] ("Plaintiff") filed an application for Title II Disability Insurance Benefits, alleging that he became disabled on June 1, 2020.  (Administrative R. 185-98 [hereinafter R.]).  The application was denied at the initial and reconsideration stages. (R. 80-94).  Thereafter, Plaintiff was granted a hearing before Administrative Law Judge Joyce Francis ("ALJ"), which was held by online video on March 2, 2022.  (R. 170).

On May 4, 2022, the ALJ issued an unfavorable decision, utilizing the five-step sequential process, concluding Plaintiff was not disabled from June 1, 2020, when Plaintiff alleges that he became disabled, through May 4, 2022, when the ALJ issued her decision.  (R. 14-28).

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2020, when he alleges his disability began. (R. 20). Next, the ALJ found that Plaintiff has the following severe, or vocationally significant, physical (no mental) impairments: degenerative disc disease, diabetes with neuropathy, and hip and right shoulder arthrosis. (R. 20).

At the third step, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. (R. 20-21).

As in any case that proceeds beyond Step 3, the ALJ must determine a claimant's residual functional capacity ("RFC"), which is defined as the "most [he or she] can still do [on a sustained basis] despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his impairments, Plaintiff can "perform medium work as defined in 20 CFR 404.1567(c), except he can frequently climb ramps and stairs; frequently climb ladders, ropes, or scaffolds; and frequently kneel, crouch, and crawl. He can frequently be exposed to vibration and can frequently reach with the right upper extremity." (R. at 21).

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. (R. 26-27). Finally, in the fifth step, the ALJ found that Plaintiff can perform a significant number of unskilled medium jobs in the national economy such as patient transporter, hospital cleaner, and day worker. (R. 27-28).

## II.    JURISDICTION

The Court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. *See* 42 U.S.C. § 405(g).

### III. STANDARD OF REVIEW

Generally, the Court will affirm the ALJ's decision if it is in accord with applicable legal standards and is supported by substantial evidence. Substantial evidence is "evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Sec'y of Health & Hum. Servs. v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S 197, 229 (1938)). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). A reviewing court should not attempt to resolve conflicts of evidence or questions of credibility. *Bass v. Comm'r of Soc. Sec.*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). A reviewing court may consider any evidence in the administrative record, regardless of whether cited in the ALJ's decision. *Mullen v. Sec'y of Health & Hum. Servs.*, 800 F.2d 535, 545-46 (6th Cir. 1986) (citation omitted).

### IV. DISCUSSION[2]

#### A. The treatment notes are consistent with the ALJ's RFC determination.

Plaintiff asserts that substantial evidence does not support the ALJ's finding that he has the RFC to perform medium work in light of the medical opinions contained in the treatment notes of his orthopedic surgeon, Barret Lessenberry, M.D. ("Dr. Lessenberry"), at Exhibit 9F (R. 415-24).

---

[2] While Plaintiff's motion does not identify eight numbered arguments (as such), the Court interprets the motion as raising eight principal arguments. To the extent Plaintiff may have raised some other argument in passing, those arguments are waived. *See Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) ("It is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted) (citation omitted)); *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) (a plaintiff's failure to develop her argument in a more than "skeletal way," leaving it for the Court to "put flesh on its bones[,]" results in waiver) (citation omitted).

(Pl.'s Mot. Summ. J. 2, 9-10). In addressing this argument, it is important to look to relevant definitions.

The full range of "medium" work contemplates 6 hours of standing/walking per 8-hour workday (with sitting during the remaining 2 hours) and lifting no more than 50 pounds at a time, with frequent lifting or carrying of objects weighing up to 25 pounds. *See* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Medium work also generally requires "use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms." *Id.*

A "medical opinion" is a "statement from a medical source about what you can still do despite your impairment(s)," including your "ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching) . . . ." 20 C.F.R. § 404.1513(a)(2)(i).

Plaintiff's reliance on Exhibit 9F is unpersuasive because it contains no "medical opinion" indicating that Plaintiff is unable to perform "medium" work. (R. 415-24). To the contrary, Exhibit 9F contains only raw medical findings, and neither Plaintiff, the ALJ, nor this Court is qualified to interpret raw medical findings in functional terms. (R. 415-24). Lay persons are "simply not qualified to interpret raw medical data in functional terms . . . ." *Wilson v. Comm'r of Soc. Sec.*, No. 4:20-CV-00064-HBB, 2021 WL 4304700, at *4 (W.D. Ky. Sept. 21, 2021) (quoting *Nguyen v. Comm'r of Soc. Sec.*, 172 F.3d 31, 35 (1st Cir. 1999)). "[C]ommon sense can mislead; lay intuitions about medical phenomena are often wrong." *Henning v. Comm'r of Soc. Sec.*, No. 3:13-CV-753-H, 2014 WL 4364622, at *3 (W.D. Ky. Sept. 3, 2014) (quoting *Schmidt v. Sec'y of Health & Hum. Servs.*, 914 F.2d 117, 118 (7th Cir. 1990)). Plaintiff's argument is rejected.

**B.    The examining APRN's findings are consistent with the ALJ's RFC determination.**

Plaintiff contends that the ALJ's finding that he has an RFC to perform medium work is not supported by substantial evidence in light of the findings of the Commissioner's one-time examining source, advanced practice registered nurse Susan Sloan ("APRN"), at Exhibit 2F. (Pl.'s Mot. Summ. J. 9). Plaintiff's reliance on Exhibit 2F is unpersuasive.

Exhibit 2F contains no unequivocal "medical opinion" indicating that Plaintiff cannot perform "medium" work. (R. 293-97). Admittedly, the APRN opined that:

> Based on his allegations and today's exam, [Plaintiff] may not be able to stand or walk for *long periods of time*. He *may not* be able to bend and squat, especially if the motions are repetitive. He *may not* be able to climb stairs without pain.

(R. 297 (emphasis added)). The ALJ considered this opinion, and noted the opinion to be:

> vague, not phrased in vocationally relevant terms, and ultimately of little to no assistance in determining [Plaintiff's] residual functional capacity. [The APRN] uses terms such as "long periods of time" and "may not." As such, it cannot be said to be well explained or supported. As it is lacking in that support, it is not persuasive. However, to the extent it supports and is consistent with findings non-disabling conditions, it is generally persuasive.

(R. 26).

In addition, the Commissioner's non-examining program physicians, Douglas Back, M.D. ("Dr. Back"), and Jean Sutherland, M.D. ("Dr. Sutherland"), found that Plaintiff can perform medium work, while factoring in the APRN's findings, in light of the other medical evidence as a whole. (R. 83, 86, 90, 94). The ALJ found the opinions of the program physicians to be persuasive. (R. 26). Program physicians are deemed to be highly qualified physicians who are experts in the evaluation of Social Security disability claims. *See* 20 C.F.R. § 404.1513a(b)(1); SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996).

      C.      **The ALJ did not err in accepting the medical opinions of the Commissioner's non-examining program physicians.**

Plaintiff also argues that, in determining his RFC for medium work, the ALJ erred in accepting the opinions of the Commissioner's non-examining program physicians, Drs. Back and Sutherland, due to subsequent medical evidence not accounted for by these physicians, including "Dr. Lessenberry's findings . . . ; the August 2021 MRI; and the failure of physical therapy." (Pl.'s Mot. Summ. J. 7).

"There will always be a gap between the time the agency experts review the record . . . and the time the hearing decision is issued." *Kelly v. Comm'r of Soc. Sec.*, 314 F. App'x 827, 831 (6th Cir. 2009) (citation omitted). However, "[a]bsent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand." *Id*. (citation omitted). It is generally sufficient that, before crediting a non-examining source opinion, there is "some indication that the ALJ at least considered" the subsequent medical evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (citation omitted).

This argument is unpersuasive because the ALJ's decision reflects consideration of the subsequent findings of Dr. Lessenberry, the August 2021 MRI, and the failure of physical therapy. (R. 23-25). The ALJ found that, "[a]lthough additional evidence has been submitted since that time [when Drs. Back and Sutherland gave their opinions], that evidence does not support a finding that [Plaintiff's] condition is materially different now than it was at the time the findings were made." (R. 26).

  **D.** **The ALJ was not required to include specific RFC limitations due to Plaintiff's admittedly severe diabetes.**

Plaintiff next asserts that "although [the ALJ] [] found [his] diabetes to be a severe impairment, she placed no limitations on [his] [RFC] as a result thereof." (Pl.'s Mot. Summ. J. 11). It is not self-evident, however, that the ALJ's RFC finding did *not* include some accommodation to Plaintiff's diabetes. This argument also fails because Plaintiff cites and the Court finds no authority for the proposition that an ALJ must associate each impairment found to be severe with a specific limitation in the ALJ's RFC finding. Reversal of the ALJ's decision is not warranted for this reason.

  **E.** **Plaintiff is not entitled to an ultimate finding of disability pursuant to Grid Rule 202.02.**

In challenging the ALJ's decision, Plaintiff argues that the ALJ erred in not finding that he is disabled pursuant to Grid Rule 202.02. (Pl.'s Mot. Summ. J. 8). Grid Rule 202.02 is located in the medical-vocational guidelines, or grid rules, of Appendix 2 of the regulations.

The argument, however, disregards the fact that Grid Rule 202.02 contemplates an individual with a maximum sustained work capability limited to light work. The ALJ found that Plaintiff has an RFC for medium work. (R. 21-26). Plaintiff has not shown that the ALJ's RFC finding is unsupported. *See Moore v. Comm'r of Soc. Sec.*, No. 4:18-CV-00124-HBB, 2019 WL 2076557, at *7 (W.D. Ky. May 10, 2019) (rejecting argument that Appendix 2 dictates an ultimate finding of disability because the ALJ was "intentionally avoiding a finding of disabled under the GRID Rules by concluding [Moore] could perform medium as opposed to light or sedentary work." (citation omitted)).

### F. There is a lack of evidence of ALJ bias.

Plaintiff asserts that the ALJ's denial is based upon his insinuation of perceived bias towards him. (Pl.'s Mot. Summ. J. 3). In particular, he asserts:

> [T]he [u]nfavorable decision of [the] [ALJ] was issued pursuant to her usual and customary effort to interpret evidence in such a manner as to . . . result in a denial of the claim of [Plaintiff].
>
> As of the time of submission of the claim to the Appeals Council, [the ALJ] had the lowest approval rate of any SSA [Social Security Administration] ALJ in the United States. Counsel has not examined the statistics since. However, if she's not still at the bottom it's not because she isn't trying.

(Pl.'s Mot. Summ. J. 3).

The Sixth Circuit has held that reviewing courts must begin with a presumption that an ALJ exercised her powers with honesty and integrity. *Collier v. Comm'r of Soc. Sec.*, 108 F. App'x 358, 363-64 (6th Cir. 2004) (citation omitted). As the party raising the issue of bias, Plaintiff has the burden of overcoming this presumption with convincing evidence that actual bias or prejudgment occurred. *See id.* (citation omitted). Any alleged bias must be evident from the record and cannot be based on speculation or inference. *See id.* (citation omitted).

Plaintiff has failed to point to evidence in the record to support this assertion beyond speculation or inference. The motion is denied on is basis.

### G. Plaintiff does not sufficiently allege and prove entitlement to a "Sentence 6" remand.

Plaintiff next raises an issue of error relating to his affidavit, which he first submitted to the Appeals Council. (Pl.'s Mot. Summ. J. 11). In addition to reiterating his testimony at the administrative hearing that he has difficulty walking, Plaintiff's affidavit states that the ALJ erred in stating that he was not taking medication on September 19, 2019, and December 10, 2020. (R. 272). In fact, according to Plaintiff's affidavit, on September 19, 2019, he was taking Trilipix,

Pravochol, Drisdol, Januvia, and Metformin," and, on December 10, 2020, he was taking Neurontin. (R. 272).

To the extent Plaintiff is arguing that his affidavit entitles him to a remand for consideration of new and material evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g), the argument fails. It is Plaintiff's burden to demonstrate that he is entitled to remand, and he neither attempted to demonstrate good cause nor to delineate between new and material evidence, and he cites no authority in support of his argument. *See Amy A. v. Comm'r of Soc. Sec..*, No. 3:20-CV-00747-CHL, 2022 WL 4472072, at *4 (W.D. Ky. Sept. 26, 2022). As such, any argument for a "Sentence 6" remand is "perfunctory at best and should be deemed waived." *Id.*

Even if Plaintiff has sufficiently raised this issue, he has failed to show a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence contained in Plaintiff's affidavit. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citation omitted). This argument is rejected, and he is not entitled to remand on this basis.

### H. Plaintiff's brief to the Appeals Council does not entitle him to remand.

Plaintiff's final argument is that he is entitled to remand in light of the arguments in his brief to the Appeals Council, which the Appeals Council could not have considered. (Pl.'s Mot. Summ. J. 7). On August 3, 2022, after the Appeals Council had already declined to disturb the ALJ's decision, Plaintiff submitted a Memorandum in Support of Issuance of Fully Favorable Decision by the Appeals Council. (R. 1, 62-65).

This argument fails because when the Appeals Council declines to review an ALJ's decision, the ALJ's decision becomes the Commissioner's final decision. *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citations omitted); *Pierson v. Comm'r of Soc.*

*Sec.*, No. 21-2848, 2022 WL 819735, at *2 (6th Cir. Mar. 18, 2022) (same). The Appeals Council's decision not to review the ALJ's decision is not itself reviewable. *See Casey*, 987 F.2d at 1233 (citation omitted).

In addition, Plaintiff's brief to the Appeals Council and his brief to this Court are substantially the same. *Compare* (Pl.'s Mot. Summ. J. 3-5), with (R. 62-65). Neither contains a persuasive argument. Thus, Plaintiff is not entitled to summary judgment for these reasons.

## V. CONCLUSION

For these reasons, Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (DN 15) is **DENIED**, the Commissioner's final decision is **AFFIRMED**, and the Complaint (DN 1) is **DISMISSED**. Judgment shall be entered in favor of the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

September 19, 2023

cc: counsel of record